IN THE
UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

2004 NOV 22 PM 2: 22

Criminal No. 1:02-096
Appeals No. 04-3548

UNITED STATES OF AMERICA                    Plantiff-Appellee

vs.

GREGORORY A. CONN                           Defendant-Appellant

MOTION TO OBTAIN GRAND JURY TRANSCRIPTS PURSUANT
TO RULE 6(e) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

Comes now the Appellant/Movant Gregory A. Conn, pro-se, with the foregoing Motion To Obtain Grand Jury Transcripts pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure.

The Movant would first state that he is a pro se litigant that is untrained and unknowledgable of law, as such, he requests that his pleadings be construed liberally pursuant to the holdings of Haines v. Kerner, 505 U.S. 519 (1972).

REASONS WHY THE MOTION SHOULD BE GRANTED

The procedural history of this case should be known to the Court therefore Conn will only reiterate the relevant facts.  On

or about March 20, 2004 Conn filed a Motion for Relief pursuant to 28 U.S.C. §2255 which was ultimately rejected as being untimely by the District Court. On or about May of 2004, Conn appealed this decision to the Court of Appeals. The Appeal is docketed as Appeal No. 04-3548.

In his appeal, as in his §2255 motion, Conn substantiates several claims which if proven would entitle him to relief. One of the claims involves Ineffective Assistance of Counsel with several underlying claims as to counsel's failure to do several things; most notably, the failure to follow through with a previously scheduled Suppression Hearing and in the alternative, advising his client to forego the hearing and plead guilty.

The disclosure of Grand Jury transcripts under Rule 6(e) is appropriate when the need for the transcripts outweighs the public interests in secrecy, this burden rests upon the party seeking the disclosure, Conn, to show the particularized need for the disclosure. Conn would assert that in his particular case, there were no co-defendants, no other testimony other than the arresting officers' and or their statements. Therefore, there is no need for the continuance of secrecy, which in turn also lessens his burden. See; <u>United States v. Sells Engineering, Inc.</u>, 463 U.S. 418.

The particularized need in this case for the transcripts is because of the conflicting accounts of how and when the search was commenced that led to the arrest on the substantive charges. There is good cause to believe that the search may have been a Fourth Amendment violation and further that, had the Grand Jury

Been aware of the circumstances surrounding the search and seizure of Conn and his property, the may have not only never been issued, but also that it may have been dismissed by the Judge had counsel diligently pursued the matter and went through with the scheduled Suppression Hearing .

Given the nature of Conn's substantive and underlying claims which are now before the Court of Appeals, the transcripts will reveal positively what Conn alleges, that there was no basis for the DUI arrest (Conn registered 0.00 on the Breathalizer test) and that his vehicle was illegally searched--the alleged DUI was a pretextual item to search. The initial DEA Report that in all likelihood was used in the Grand Jury proceedings, alleges Conn's vehicle was searched after being towed for inventory purposes. The Government's version of the search now being used states Conn's vehicle was searched at the scene. This conflict is relevant.

The failure to pursue the Fourth Amendment violation is a cognizable issue under ineffective assistance of counsel. See; Owens v. United States, No. 03-1507 (7th Cir. 10/19/04) (Counsel was ineffective in failing to obtain supression of evidence seized in violation of the Fourth Amendment). See also; United States v. Richardson, 385 F.3d 625 (6th Cir. 2004) (Officer did not have reasonable suspicion to seize driver and passengers... evidence obtained as a result of an unlawful detention must be supressed as fruit of the unlawful seizure.

The material sought is limited to the testimony and or statements concerning his initial stop; how the search and seizure was conducted, and the questioning techniques/procedures utilized by the officers. It is wholly apparent that this material would

avoid the a grave misjustice. Further, the need for disclosure outweighs any possible need for secrecy.

Conn has not yet had his appeals heard upon their merits as of yet and the material sought will further his claims on appeal. Thus, Conn has not used his single collateral attack in which he is entitled to. He also has challenged the validity of his plea which would leave open the indictment to attack as well as the tainted and illegally obtained evidence.

Most importantly, these transcripts could prove beyond a reasonable doubt that Conn's counsel was ineffective in erroneously advising him to dismiss the Suppression and plead guilty, when in fact the evidence---as can be shown by Circuit precedent-- was illegally obtained therefore subject to be supressed. The need for justice in this matter most assuredly outweighs any need for secrecy.

WHEREFORE, based upon the foregoing, Conn has made a particularized request for the Grand Jury transcripts, he has clearly shown why they are needed which is within the provisions of Rule 6(e), and shown that there is no need for secrecy of the proceedings. Based upon this reasoning, Conn humbly prays for this Honorable Court to grant the instant motion for the disclosure of the Grand Jury proceedings at bar.

Respectfully Submitted this 16th day of November, 2004.

_____
Gregory A. Conn, pro-se
Reg. No. 03599-061
FMC Lexington
P.O. Box 14500
Lexington, KY 40512-4500

-5-

## CERTIFICATE OF SERVICE

    I, Gregory A. Conn swear under the penalty of perjury that I have caused to be mailed a true copy of the foregoing Motion For Request of Grand Jury Transcripts and Motion For Leave to Proceed in Forma Pauperis to:

Kenneth L. Parker, A.U.S.A.
Atrium II
221 East Fourt Street, Suite 400
Cincinnati, Ohio 45202

by depositing same within the prison mailbox with first-class postage affixed on this 16th day of November, 2004.

                                                               */s/ Gregory A. Conn*
                                                         Gregory A. Conn, pro-se

EXHIBITS

A) DEA Report in all liklihood used during grand jury indictment process.

B) Statement of facts presented by prosecution during appeal process.

# REPORT OF INVESTIGATION
*(Continuation)*

| | |
|---|---|
| 3. File Title | CONN, Gregory A. |
| 5. Program Code | SUMMARY REPORT |
| 6. Date Prepared | 07/15/02 |

## DETAILS

1. On July 10, 2002, at approximately 11:40 p.m., Officer Joe Gutman, of the West Chester, Ohio, Police Department, was on duty and patrolling in the area of Union Centre Boulevard and Cincinnati-Dayton Road, West Chester, Ohio. Gregory Allen CONN was operating a 1997 white Ford F-150 pickup truck, bearing Kentucky registration 3723FB, which was registered to him, on Union Centre Boulevard. CONN's vehicle struck the West Chester Police vehicle operated by Officer Gutman on Union Centre Boulevard, near Cincinnati-Dayton Road. CONN was arrested by Officer Gutman on Ohio State Charges of Driving While Intoxicated. CONN was processed and housed at the Butler County Jail, Hamilton, Ohio.

2. The Ford F-150 was towed to the West Chester Police Impound Lot, where an inventory of the vehicle was conducted. During the inventory, a .357 caliber revolver was located in the cab of the vehicle, in a location readily accessible to CONN. Additionally, items associated with a clandestine methamphetamine laboratory, i.e., rubber tubing, exhaust fan, a respirator, a "gas generator", and various chemicals associated with the production of methamphetamine, were also located by West Chester Police Officers.

3. On July 11, 2002, the West Chester Police Department contacted the Cincinnati Resident Office and advised of a possible clandestine methamphetamine laboratory which was located in the Ford F-150. CONN was then additionally charged with violations of the Ohio Revised Code, which included: Carrying a Concealed Weapon, Trafficking in Drugs, Illegal Assembly and Possession of Chemicals for the Manufacture of Drugs, and Possession of Drugs and Drug Paraphernalia.

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

1 - Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

On June 17, 2004, the defendant filed his <u>pro se</u> brief claiming his petition below should have been subject to equitable toiling. He further claimed that: (1) the Indictment was defective as to Count 2; (2) that Count 1 charged him with conspiracy and one cannot conspire with himself; (3) the search and seizure of his vehicle was illegal; and (4) counsel was ineffective in not challenging the above factors.

In a letter to this Court dated July 17, 2004, the defendant further claims that his sentence is illegal due to the holding of <u>Blakely v. Washington</u>, - U.S. -, 124 S.Ct. 2531 (2004). He contends that "Further, since <u>Blakely</u> involves a 'new substantive rule of constitutional law,' this would directly affect the timeliness issue previously presented to the Court." (July 17 letter at page 4).

## STATEMENT OF THE FACTS

For its Statement of Facts, the United States adopts, verbatim, paragraphs 13 to 17 of the Final Presentence Report. The defendant's criminal conduct consisted of the following:

> "On July 10, 2002, a police officer with the West Chester Township, Ohio Police Department was traveling westbound on Union Center Boulevard when a 1997 Ford F-150 truck merged into his police cruiser and struck the driver's side rear corner panel. As a result, the officer initiated a traffic stop on the vehicle. Upon questioning, the officer learned Gregory A. Conn was the driver of the truck. The

4

officer also noticed Conn's speech was slightly slurred and his eyes were glassy.

After the officer removed Conn from the vehicle, he checked it for weapons and any open alcohol containers. The officer recovered a Fannie pack which was located next to where Conn was sitting prior to exiting the vehicle. Inside the Fannie pack, the officer found a loaded Smith and Wesson .357 caliber revolver, two bags containing a substance that appeared to be methamphetamine, a straw with a white substance in it, and a glass pipe. At that point, Conn was arrested and charged with Carrying Concealed Weapon and Drug Abuse.

During a further search of the truck, officers recovered two additional bags that contained a substance which appeared to be methamphetamine, an additional glass pipe, and an additional straw with a white substance on it. The officers also noticed numerous chemicals and items, which are typically used to manufacture methamphetamine, inside the truck's cab and bed. It should be noted acetone, alcohol starter fluid, and charcoal starter fluid which are highly flammable chemicals were recovered from truck. Furthermore, the officers recovered two glass quart sized mason jars and two glass half gallon sized jars which were each filled with a clear liquid from the bed of the truck. As a result, the West Chester Township Police Department contacted the DEA.

DEA agents collected and inventoried all of the items found in Conn's truck. The agents determined the chemicals and items retrieved from Conn's truck constituted the operation of a clandestine methamphetamine laboratory. The cost to clean up the methamphetamine laboratory was $2,983.46.

On July 12, 2002, agents interviewed Conn regarding the materials recovered from his truck. During the interview, Conn confirmed that a methamphetamine laboratory existed in his truck. He also admitted he attempted to manufacture methamphetamine in the Southern

IN THE
UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

    Respondent,　　　　　　　　　Criminal No. 1:02-096

　　　　　　　　　　　　　　　　　Appeal No. 04-3548

vs.

　　　　　　　　　　　　　　　　　Before the Honorable
　　　　　　　　　　　　　　　　　Herman J. Weber, District Judge.

Gregory A. Conn,

    Movant.

MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

    Comes now the Movant Gregory A. Conn, pro-se with the foregoing Motion For Leave to Proceed in Forma Pauperis. The Movant would state in support of this motion that he was declared indigent at the District Court proceedings and at the Appellate stages as well. Conn states that his financial situation has not improved since this time. Conn further states that he owns no real property nor does he possess any assets, as such, he respectfully prays to the Court to grant the instant motion.

    This being submitted this 16th day of November, 2004.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Gregory A. Conn, pro-se