UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY A. CONN, | : | C-1-05-0245 |
| | : | CR-1-02-096 |
| Petitioner, | : | |
| | : | **UNITED STATES' RESPONSES TO** |
| | : | **PETITIONER'S UNTIMELY MOTION** |
| v. | : | **TO CORRECT OR VACATE SENTENCE** |
| | : | **(DOC. 37) & MOTION TO OBTAIN** |
| | : | **GRAND JURY TRANSCRIPTS (DOC. 35)** |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | Senior Judge Weber |

- - - - - - - - - - - - - - - - - - - - -

On April 11, 2005, the Petitioner-Defendant Gregory A. Conn
(hereinafter "the Petitioner") filed a pleading requesting that
this Court vacate, set aside, or correct his sentence pursuant to
Title 28 U.S.C. § 2255.  In his pleading, Petitioner Conn
complains about his trial counsel's services and that the letter
Conn wrote to this Court shortly after his sentencing can be
construed as a notice to appeal his judgment of conviction.  If
such a construction of the letter was made by the Court,
Petitioner Conn maintains that he did meet the ten day filing
deadline for notices of appeal.

Petitioner Conn's claims are without merit and unpersuasive
based on the facts.  Moreover, this Court should reject
Petitioner's § 2255 motion because:  (1) it has been filed beyond
the time period authorized under the Antiterrorism and Effective
Death Penalty Act of 1996 ("AEDPA"), the amendments to §§ 2241-

2255, Pub.L. No. 104-132, and the doctrine of equitable tolling does not apply in this case, and (2) even if this Court was to review Petitioner's substantive claim that his trial counsel was ineffective, this claim is without merit and should be rejected.

**A.    Motion to vacate sentence under 28 U.S.C. § 2255**

**I.    Gregory Conn's Motion should be dismissed because it has been filed beyond the one-year period of limitation that Congress authorized for motions seeking collateral relief.**

Section 2255 provides, in pertinent part, that a federal prisoner may challenge his sentence in the court which imposed the sentence on grounds that the sentence was imposed "in violation of the constitution of laws of the United States or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack."  There is no question that the Petitioner is challenging matters that occurred in district court.

Nevertheless, pursuant to Title 28 U.S.C. § 2255, paragraph 6 (Section 105) of the Anti-Terrorism and Effective Death Penalty Act of 1996, Congress established "a 1-year period of limitation" governing motions for collateral relief under Title 28 U.S.C. § 2255.  The one-year period runs from "the latest of" four specified events:  (1) "the date on which the judgment of conviction becomes final"; (2) "the date on which the impediment

2

to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) "the date on which the facts supported the claim or claims presented could have been discovered through the exercise of due diligence."

In the instant matter, the provisions of (2),(3) and (4) are not implicated in any way.  The question in this case is:  Did Petitioner Conn file his § 2255 petition within the authorized time limit?  The answer is no.

In <u>Johnson v. United States</u>, 246 F.3d 655 (6th Cir. 2001), the Sixth Circuit Court of Appeals made clear that a § 2255 motion filed more than a year after the direct appeal had become final would be considered untimely.  <u>Johnson</u>, 246 F.3d at 661. The court opined that while the AEDPA does not explicitly define when a conviction becomes final, the court could presume that, for purposes of collateral attack, a conviction becomes final at the conclusion of direct review.  <u>Id.</u> at 657.  In other words, in a case where a petitioner files a petition for certiorari, the conclusion of direct review occurs "when the Court either denies the motion or decides the case on the merits."  <u>Id.</u>  In cases

3

where there has been no petition for certiorari filed, the
conclusion of direct review occurs upon the court of appeal's
mandate.  Additionally, a federal criminal judgment which is not
appealed becomes final ten days after it is entered if there has
been no district court extension of appeal time for good cause or
excusable neglect.  See <u>Sanchez-Castellano v. United States</u>, 358
F.3d 424, 428 (6th Cir. 2004).

    Petitioner Conn pled guilty to two drug related offenses on
September 24, 2002.  Petitioner Conn was sentenced on January 8,
2003 and a judgment of conviction was entered two days later on
January 10.  At the time of his sentencing, the Court reminded
Petitioner Conn that he would have ten days to file an appeal.
At no time did Petitioner Conn indicate to the Court that he
desired to appeal his sentence and no notice of appeal was filed.
Therefore, Petitioner Conn's direct review was final on January
20, 2003 and he had until January 21, 2004 to file his § 2255
motion.  Petitioner Conn filed a § 2255 petition on April 11,
2005, well beyond the one-year period of time allotted by the
AEDPA.

    Although Petitioner Conn argues that the letter he wrote to
the Court on January 19, 2003, should be construed as an
assertion of his desire to appeal, the facts are clear that it is
not.  Petitioner Conn's own words show that he was not entering a
notice of appeal to the Court.  Instead, the letter rehashes the

4

"supposed" incidents surrounding Petitioner Conn's arrest, emphasizes his disdain for the justice system, and acknowledges that the sentencing was based upon integrity and "principles of right and wrong." At no point does Petitioner Conn allude to or expressly state a desire to appeal the sentence. If Petitioner Conn desired to express an intention to appeal, certainly he would have stated it in the letter. Notably, in closing the letter, Petitioner Conn wrote:

> Your Honor I have sat back failing to voice my opinions and objections most of my life. I don't know exactly the reason for doing so at this time. I felt the need. Thank you for Your time. May the New Year bring Noble Joys to You and Yours.

Petitioner Conn cannot now twist his own words to circumvent the 10 day rule regarding the filing of an appeal. Previously, this Court did not construe the letter as notice and should not do so at this time. Furthermore, this Court also noted that Petitioner Conn's one-year limitations period should not have been tolled due to any "excusable neglect". (See Doc. 29: Order dated March 25, 2004) (finding that "[n]o appeal from the judgment of January 10, 2003, was entered by Petitioner Conn as well as no other action to toll the AEDPA's one-year limitations period on filing § 2255 motions).[1]

---

[1]Even if this Court were to construe the letter as notice of an appeal (at this time), Petitioner still failed to file his § 2255 motion within the limitation period set forth by the AEDPA. Additionally, he cannot claim with merit that he tolled the one-year period because his motion to extend time was not submitted

The Sixth Circuit strictly construes the one-year period of limitation set forth in the AEDPA.  See Payton v. Brigano, 256 F.3d 405, 406-409 (6th Cir. 2001) (setting forth the language in § 2244(d)(1)(A) which directly parallels the language in Title 28 U.S.C. § 2255 paragraph 6 subsection 1).  Petitioner Conn failed to comply with the filing provisions set forth by the AEDPA and he cannot show any reason of excusable neglect for his failings.  Accordingly, Petitioner Conn's § 2255 motion should be rejected as untimely by this Court and dismissed.

**II.  Gregory Conn's claim that his trial counsel was ineffective under the standards established in Strickland v. Washington, 466 U.S. 668 (1984), is without merit.**

Also, Petitioner Conn maintains a claim of ineffective assistance of counsel, asserting that his counsel failed to challenge the indictment and then failed to go through with a suppression hearing.  This claim of ineffective assistance of counsel is without merit under the standards established in Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, an ineffective assistance of counsel claim has two primary components.  First, the claimant must show "deficient performance" or that his counsel's performance was

---

until March of 2004, well after the one-year period had ended. Contrary to Petitioner Conn's claims that he failed to do anything regarding his case within the one-year period because he was in the custody of state officials and denied access to the courts, Conn admits he was only there for a short while between May and September of 2003.  (See Doc. 28: Pet's. Motion at ¶ 5).

deficient to the point that he was not acting in accordance with the guarantees of the Sixth Amendment.  Second, the claimant must show that he was "prejudiced" by his counsel's deficient performance.  This means that the claimant must show that his counsel's errors were so serious as to deprive him of a fair trial with a reliable result.  See Strickland, 466 U.S. at 689. In Strickland, the Court also noted that when reviewing a claim of ineffective assistance of counsel, there is a presumption that counsel's performance was within the wide range of reasonable professional assistance.  Id.  A claim of a defense attorney's ineffective assistance can be made by a petitioner who has pled guilty.  United States v. Naqi, 90 F.3d 130, 135 (6th Cir. 1996). However, this claim must still undergo the two-pronged test of Strickland.  See Hill v. Lockhart, 474 U.S. 52 (1985). Nonetheless, even though a petitioner who has pled guilty undergoes the same two-pronged Strickland test, the burden of the prejudice prong is greater in that the petitioner must show that but for his counsel's egregious errors he would not have pled guilty.  See Naqi, 90 F.3d at 135.  Moreover, he would have insisted on going to trial but for such errors.  Id.

In this case, Petitioner Conn's counsel did not perform in a deficient manner as he claims.  Moreover, on the date of his change of plea, this Court extensively inquired as to whether Petitioner Conn was knowingly and intelligently pleading guilty

7

to the charges against him, including the elements of each count in question and the potential penalties. Petitioner Conn answered affirmatively to all of the Court's questions. Also, Petitioner indicated that he understood his plea agreement. In an attempt to create an issue where none exists, Petitioner Conn glosses the actual facts of his proceedings and asserts a claim that his counsel was ineffective.

Petitioner Conn's claim that his trial counsel performed in a deficient manner and but for his counsel's actions Petitioner Conn would not have pled guilty is without merit and should be rejected.

**B.    <u>Motion to Obtain Jury Transcripts</u>**

**Gregory Conn cannot show a "particularized need" exists to justify breaching the sanctity and secrecy of grand jury proceedings.**

Petitioner Conn also filed a motion for the disclosure of grand jury transcripts. Specifically, he asserts that the transcripts will reveal conflicting accounts between witnesses of how and when the search of his vehicle occurred that ultimately led to his arrest. (Def's. Motion at 2). If this is shown, Petitioner Conn maintains that it would support his belief that a Fourth Amendment violation occurred at the time of his arrest.

The determination to compel the disclosure of grand jury transcripts under Rule 6(e) of the Federal Rules of Criminal Procedure lies within the sound discretion of the district court.

8

Douglas Oil v. Petrol Stops Northwest, 441 U.S. 211, 223-224 (1979); United States v. Short, 671 F.2d 178, 186 (6th Cir. 1982). The district court must always recognize that the proper function of the grand jury system depends upon the secrecy of the grand jury process. See Douglas Oil, 441 U.S. at 218. The burden to justify a breach of the grand jury secrecy rests with the party seeking disclosure. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959). The party must show that a "particularized need" exists for the materials that outweighs the policy of secrecy. Id. This burden must be met even if the grand jury has concluded its operations. Douglas Oil, 441 U.S. at 221-222.

To meet the burden, the party requesting the court to compel a disclosure of the grand jury transcripts must demonstrate: (1) the material he requests is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only the material so needed. Id.

Contrary to Petitioner Conn's assertion that he has a good-faith belief that his belief that his Fourth Amendment rights were violated at the time of his arrest, we submit that (1) such belief is without merit and (2) a "good faith belief" does not support a fishing expedition into the grand jury process. Moreover, such a bare claim does not demonstrate that a

"particularized need" exists to upset the policy of secrecy in
the grand jury process.  Petitioner Conn's attempt to attack the
DEA Report and the Statement of Facts issued by the United States
(both of which are attached to his motion) to assert some type of
conflict is nothing more than a play on semantics and has no
bearing on the issue of the grand jury process.  Furthermore, he
outright fails to shed light on the fact that he entered a guilty
plea in this case and that his plea was provided voluntarily.  By
pleading guilty, Petitioner Conn has waived all nonjurisdictional
defects in the grand jury proceedings.  See United States v.
Valentin, 188 F.3d 510, 1999 WL 644381, at *1 (6th Cir. Aug. 17,
1999); United States v. Diaz, 733 F.3d 371, 376 (5th Cir. 1984).

     This Court should deny Petitioner Conn's motion to compel
the disclosure of grand jury transcripts.

## CONCLUSION

     As stated in the above memorandum, Petitioner's § 2255
motion should be rejected by this Court first because it has been
filed beyond the one-year time period authorized under the AEDPA.
Secondly, even if this Court were to review the substantive claim
made in the Motion, Petitioner Conn's ineffective assistance of
counsel claim is without merit based on the standards of
Strickland.  Finally, for the reasons set forth in ¶ 3, this
Court should deny Petitioner Conn's motion to compel the
disclosure of grand jury transcripts.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney


s/Kenneth L. Parker
KENNETH L. PARKER (0068805)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio  45202
(513) 684-3711
Fax:  (513) 684-2047
Kenneth.Parker@usdoj.gov


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served this 6th

day of January, 2006, by regular U.S. Mail on Gregory A. Conn,

#03599-061, Federal Medical Center, P.O. Box 14500, Lexington, KY

40512.

s/Kenneth L. Parker
KENNETH L. PARKER (0068805)
Assistant United States Attorney