UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY A. CONN,

        Plaintiff,

v.                                          CR-1-02-96
                                             C-1-05-245

UNITED STATES OF AMERICA,

        Defendant.

**ORDER**

        This matter is before the Court upon the Movant's Motion to Vacate, Set Aside, or Correct his sentence filed pursuant to Title 28, United States Code, Section 2255 (doc. no. 37); Motion to Obtain Grand Jury Transcripts (doc. no. 35) and his Motion for Status (doc. no. 43); the United States' Responses (doc. no.41) and the Movant's Reply (doc. no. 42).

        In his Motion pursuant to § 2255, the Movant alleges a violation of his Sixth Amendment Rights due to a claim of ineffective assistance of counsel because of counsel's failure to challenge the indictment, failure to pursue a Motion to Suppress and his subsequent recommendation to enter a guilty plea. He alleges that the search which led to his arrest was in violation of the Fourth Amendment. He also alleges that the drug amount used to calculate his sentencing range is in violation of *United States v. Booker*, 543 U.S. 220 (2005).

        The Government urges the Court to reject the § 2255 motion because it is untimely and the doctrine of equitable tolling does not apply. It argues that, if the Court were to address the claims contained in the Motion, it would find the claims without merit.

        In his Motion to Obtain Grand Jury Transcripts, Movant alleges that there is a particularized need for the transcripts because of the conflicting accounts of how and when the search was commenced that led to his arrest. Mr. Conn contends that there is good cause to

1

believe that the search was a Fourth Amendment violation. He further alleges that, had the Grand Jury known all the facts surrounding the alleged illegal stop and search of his vehicle, an indictment would not have issued. He alleges that the transcripts will reveal that there was no basis for his DUI arrest and the ensuing search was, therefore, illegal. Movant claims the material he seeks is "limited to the testimony and or statements concerning his initial stop: how the search and seizure was conducted, and the questioning techniques/procedures utilized by the officers". The petitioner contends that the material is needed to avoid a possible injustice in the case and the need for preserving the secrecy of the Grand Jury testimony no longer exists.

The Government urges the Court to find the Motion for Grand Jury transcripts without merit. It asserts that the Motion is a fishing expedition.

Movant was indicted on July 25, 2002 in a three-count indictment charging 1)Attempt to Manufacture Methamphetamine in violation of 21 U.S.C. § 846; 2) Maintaining a Place for the Purpose of Manufacturing, Distributing, or Using Methamphetamine in violation of 21 U.S.C. § 856; and 3) Substantial Risk to Human Life in violation of 21 U.S.C.§ 858. A Motion to Suppress was filed and two hearings were held. At the first hearing, Movant was asked about and invited to discuss letters he and his mother had written to the Court about his concerns about his attorney's representation. He explained on the record that he was satisfied at that time with his continued representation because misunderstandings had been cleared up. The Court granted him a continuance of the Suppression Hearing.

During the second hearing scheduled on the Motion to Suppress, Movant accepted the plea agreement and entered a plea of guilty. The facts admitted by the Movant under oath at the change of plea included the following: Officer Joe Guttman, of the West Chester Police Department, was on duty and patrolling when, without warning, he was hit by a white 1997 Ford F-150 truck driven by Movant. During the investigation into the accident, the Officer believed that Movant was driving his truck under the influence of alcohol and subsequently arrested Movant. The vehicle was towed to the impound lot, where a standard procedure inventory search was

2

conducted. During the inventory search, officers found a .357 caliber revolver in the cab of the vehicle and in a position readily accessible to Movant while he was driving. The officers located a number of items supporting a finding of the operation of a clandestine methamphetamine laboratory. When he was interviewed, Movant confirmed that a methamphetamine laboratory did exist in the truck and that he did attempt to manufacture methamphetamine. He also admitted that he maintained the truck for the purpose of manufacturing methamphetamine and that the .357 caliber revolver Smith & Wesson was possessed during the crime.

A presentence report was filed. Mr. Conn's counsel filed a Sentencing Memorandum and objections to the recommendations contained in the presentence report and a motion to reduce sentence (doc. no. 22).

In his Motion pursuant to § 2255, Movant lists the events leading up to his Motion as reflected on the docket sheet and supported by documents attached to the Motion. On January 10, 2003, Movant was sentenced to concurrent terms of imprisonment of sixty and sixty-three months to be followed by three years supervised release. He wrote to the Court on January 19, 2003. He was removed from federal custody from May 6, to September 9, 2003. He wrote to his attorney requesting documents which had allegedly been given to the attorney during discovery. He wrote to the Court twice in December, 2003. In the first letter, dated December 7, 2003, Movant acknowledged the one-year time frame for filing a Motion pursuant to 2255; indicated he hadn't received all the documentation he had requested from his attorney; and stated that he would need an extension if he didn't get the information. Following upon that, in his letter of December 16, 2003, Mr. Conn acknowledged that he had received some of the information. He reiterated allegations of negligence on the part of his attorney. Neither letter contained a valid reason he could not file some form of § 2255 Motion or facts to support his request for an extension of time to file. He eventually filed a Motion for Extension of Time to File (doc. no. 28) on March 22, 2004 which was denied by this Court on March 25, 2004 (doc. no. 29). On May 5, 2004, he appealed the denial of the Motion for Extension of Time. On July 17, 2004 he

3

amended his appeal to include a claim pursuant to *Blakely v. Washington, 542 U.S. (2004)*. He then submitted a § 2255 motion containing tolling arguments and further claims for relief (doc. no. 37). The United States Court of Appeals for the Sixth Circuit entered an Order on March 11, 2005 that it lacked jurisdiction to consider the timeliness of the § 2255 motion until it is actually filed

The Court recognizes that Movant is *pro se* and will construe his pleadings liberally pursuant to the dictates of *Haines v. Kerner*, 505 U.S. 519 (1972).

As an initial matter, the Court must address Movant's argument that the Court should consider his letter of January 19, 2003 as a Notice of Appeal. Although he complains that "the tactics used by my counsel gave heavy advantage to Prosecution", he does not indicate a desire to appeal the outcome. The letter contained a general review of the case from the Movant's point of view. It contains an admission about the accident which led to his arrest and ends with the sentiment that he "just felt the need to" voice "opinions and objections". The Court finds that it is consistent with its experience that most defendants are not happy upon hearing the extent of their actual sentence. This does not in any way support a finding that this was merely an inarticulate "Notice of Appeal".

There was no indication on the record that Movant was interested in appealing the conviction or sentence. Movant has presented no evidence of such a desire, particularly in the face of his statement to the contrary in open Court. The Court could not reasonable read the letter as a request for a Notice of Appeal particularly in combination with the Movant's statement on the record at sentencing ten days before that he did not want to appeal.

He has also failed to present any evidence that he had conveyed such an intent to his counsel who represented to the Court that he would file a Notice of Appeal if his client requested it.

Mr. Conn's request that the letter be considered a Notice of Appeal is **DENIED.**

## Grand Jury Transcripts

After the Grand Jury's functions are ended, disclosure is wholly proper where the ends of justice require it. *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150 (1940). Upon a showing of "particularized need", the Court should permit access to relevant portions of the Grand Jury testimony. *Dennis v. United States*, 384 U.S. 871 (1966); *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395 (1959). In *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958), the Supreme Court sought to accommodate the competing needs for secrecy and disclosure by ruling that a private party seeking to obtain grand jury transcripts must demonstrate that without the transcript an injustice would be done. 356 U.S. at 682; *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211 (1979).

> From *Procter & Gamble* and *Dennis* emerges the standard for determining when the traditional secrecy of the grand jury may be broken: Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

441 U.S. at 222. The Court continued:

> It is clear from *Procter & Gamble* and *Dennis* that disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy and that the burden of demonstrating this balance rests upon the private party seeking disclosure. It is equally clear that as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification. (citations omitted) In sum, as so often is the situation in our jurisprudence, the court's duty in a case of this kind is to weigh carefully the competing interests in light of the relevant circumstances and the standards announced by this Court.

441 U.S. at 223.

Based upon the undisputed facts in this case, there can be no finding of a constitutional violation in his arrest and the search of his vehicle. After Mr. Conn hit the police cruiser, an illegal act, the police were entitled to arrest him and conduct a search of the vehicle. After finding

5

the loaded Smith & Wesson, arrest, search, and seizure were inevitable. Movant ignores the fact that he was not only initially charged with DUI, but also for CCW, a violation of ORC § 2923.12, drug abuse in violation of ORC § 2925.11, drug trafficking in violation of ORC § 2925.03, and drug paraphernalia in violation of ORC § 2925.14.

It is evident from the documents attached to the Motion that he has the police reports and police summary which he alleges show differing views of the arrest and search of his vehicle. He points to no other evidence to support his need for any additional information. He has not made the particularized showing necessary. He has not demonstrated that the ends of justice require their release or that an injustice would ensue without their release.

The Motion to Obtain Grand Jury Transcripts (doc. no. 35) is **DENIED**.

The Court notes that Movant's guilty plea acts as a waiver of any non-jurisdictional defects in the pre-plea proceedings. *United States v. Valentin*, 188 F.3d 510 (6th Cir.1999); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

### Generally Applicable Law

To obtain relief under 28 U.S.C.§ 2255, a movant must establish the denial of a substantial right or a defect that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630(6th Cir. 1990)(*per curiam*). Relief is available when "a sentence is imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . ." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)(quoting 28 U.S.C. § 2255). Apart from constitutional error, the question is 'whether the claimed error qualifies as "a fundamental defect which inherently results in a complete miscarriage of justice or an omission

inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994)(quoting *Hill v. United States*, 368 U.S. 424 (1962)). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

There is a one-year statute of limitations applicable to the filing of a § 2255 motion. "[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir.2001). When a defendant does not take a direct appeal, then "an unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect." *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir.2004); *see also United States v. Cottage*, 307 F.3d 494, 499 (6th Cir.2002)("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered . . . or on the date on which the time for filing such appeal expired"; describing the latter as the majority view". *Chandler v. United States*, 22 Fed. Appx. 399, 400 (6th Cir. Sept.25, 2001).

As discussed above, the Court rejects Movant's request that it consider the letter he wrote to the Court on January 19, 2003 as a Notice of Appeal. A review of the letter reveals no support for such a finding. He was also asked on the record during the Sentencing Hearing if he wanted to appeal, but declined.

The Movant's Judgment and Commitment Order was filed on January 10, 2003. He did not appeal, therefore, it became final by the end of January, 2003. His Motion pursuant to § 2255 would have had to have been filed by the end of January, 2004. He filed a Motion for Extension of Time to File on March 22, 2004 which was denied on March 25, 2004. His Motion pursuant to § 2255 was filed on April 11, 2005. The § 2255 Motion now under consideration was not timely

filed within the one-year time limit.

### Equitable Tolling

Equitable tolling applies to the one-year limitation period applicable to habeas petitions. *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). Equitable tolling shall only be appropriate, in habeas and all other cases, after a court has properly considered and balanced the factors set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988) unless there is congressional authority to the contrary. *Id.* at 1009. The United States Court of Appeals for the Sixth Circuit explained:

> In *Andrews v. Orr*, we specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

As noted by the Government, it was suggested in the Court's denial of the Motion to Extend that the Court found no grounds for equitable tolling in this case. Applying the factors, it is obvious that equitable tolling is not appropriate. Mr. Conn acknowledged that he knew about the one-year limitation period in letters to the Court mailed prior to the expiration of the one year from sentencing. He was not diligent in pursuing his right. The facts he now alleges were known at the time of his sentencing, yet he failed to file a § 2255 motion during the months he was in federal custody. He did not show due diligence in pursuing his rights under § 2255.

Movant argues that the Court should have liberally construed his December letters as motions for relief. The Court disagrees. The Court will comply, however, with his implicit request to address the substance of the claims contained in the Motion. The Court states categorically that the Motion is without merit. None of his allegations are sufficient to support a claim under § 2255. Had it been filed on time, the Motion would have been denied in its entirety.

## Ineffective Assistance of Counsel

Defendant claims ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated a two-part test that a defendant must satisfy to establish that counsel's assistance was so ineffective as to require a reversal of a conviction. Under *Strickland*, an ineffective assistance of counsel claim has two primary components. First, the claimant must show "deficient performance" or that his counsel's performance was deficient to the point that he was not acting in accordance with the guarantees of the Sixth Amendment. Second, the claimant must show that he was "prejudiced" by his counsel's deficient performance. There is a presumption that counsel's performance was in the wide range of professional assistance. *Strickland*, 466 U.S. at 689.

In the context of a guilty plea, the Movant must prove that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a guilty plea and would have insisted on trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The primary question in the guilty plea context is whether the plea was a "voluntary and intelligent choice" made by the defendant.

Initially, the Court notes that Movant was questioned and urged to talk to the Court about any concerns he had on several occasions before he entered the plea of guilty. First of all, letters written to the Court were addressed on the record during the first Suppression Hearing scheduled. At that time, Mr. Conn explained to the Court that he wished to continue with current counsel. During the plea, Mr. Conn was given several opportunities to communicate to the Court any reservations he continued to entertain. As noted above, he personally admitted all the elements of the offense and the underlying facts.

More importantly, counsel was not ineffective. None of the issues raised by the Movant are meritorious. As discussed in this Order, there is no substance to the argument that there was a failure to challenge the indictment which would have risen to the level of ineffective counsel. As this Court has found and counsel would surely have known, the discrepancies in the police reports raised by the

Movant are not of Constitutional concern. The record discloses no lack of pretrial preparation or risk to the defendant's rights. A Motion to Suppress was filed. There is no evidence to dispute a finding that counsel's decision on the Motion to Suppress was a legal strategic move. There is no evidence to substantiate the Movant's allegations and suppositions concerning the attorney's motivations and beliefs. Mr. Conn's theory is not based upon a factual rendition of the events in this case

Finally, the United States Court of Appeals for the Sixth Circuit has explicitly held that *Booker* does not apply retroactively in collateral proceedings. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir.2005). This decision is in accord with other circuits to consider the issue. *In re Olopade*, 403 F.3d 159, 162-64 (3d Cir.2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.2005); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir.2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir.2005). Mr. Conn has no *Booker* arguments available to him.

The Court finds that counsel's conduct did not fall below the norm required of competent counsel, nor was Movant prejudiced by any of counsel's actions. Counsel negotiated a plea agreement in which the Government agreed to dismiss one of the counts in the indictment. Counsel filed and then argued objections to the recommendations contained in the presentence report, which saved Movant twenty-four months at least. He filed and argued a Motion for Downward Departure and convinced the Court to sentence Movant to the minimum of the range.

Any error by counsel which increases, however, slight, the time in which a defendant would serve incarcerated does provide prejudice under the ineffective standard. *Glover v. United States*, 531 U.S. 198 (2001); *United States v Page*, 232 F.3d 536 (6th Cir. 2000). None of counsel's efforts increased the time the movant will serve incarcerated. Movant's own actions prior to this conviction dictated a higher sentencing range.

## Conclusion

Pursuant to 28 U.S.C. § 2255, the Court finds the Motion to Vacate, set Aside, or Correct

Sentence (doc. no. 37) was not filed within the statute of limitations and is **DENIED** as untimely. The Court finds the motions, files, and records of this case conclusively show that the movant is entitled to no relief, therefore, no hearing is necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. An attorney is not required. The claims raised are conclusively contradicted by the record and the law.

Alternatively, the Court finds Movant has not established the denial of a substantial right or a fundamental defect in the proceedings. Nothing in the entire record suggests that he was denied due process. He was not sentenced in excess of the statutory maximum authorized by law nor is his sentence otherwise subject to collateral attack. Mr. Conn's Motion (doc. no. 37) is hereby **DENIED**.

A certificate of appealability shall not issue in this case because Mr. Conn failed pursuant to the foregoing to establish the denial of a substantial right, a defect in the process that is inconsistent with the rudimentary demands of fair procedure, that the Court was without jurisdiction to impose his sentence or that his sentence was in excess of the maximum authorized by law. See Rule 22 of The Federal Rules of Appellate Procedure; *Sims v. United States*, 244 F.3d 509 (6th Cir.2001).

The Motion for Status (doc. no. 43) is rendered **MOOT** and is **DENIED**.

**IT IS SO ORDERED.**

_____
Herman J. Weber, Senior Judge
United States District Court

J:\DOCUMENT\2255\02-96&05-245.wpd