No. 06-4557

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

| UNITED STATES OF AMERICA, | ) | JUN 2 0 2007 |
| --- | --- | --- |
| Plaintiff-Appellee, | ) ) | 1:02-CR-96 HJW   LEONARD GREEN, Clerk |
| v. | ) ) | O R D E R |
| GREGORY A. CONN, | ) ) |  |
| defendant-Appellant. | ) ) ) |  |

Gregory A. Conn appeals a district court order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255 and denying his motion for grand jury transcripts. Conn has filed an application for a certificate of appealability under Fed. R. App. P. 22(b).

In September 2002, Conn pleaded guilty to two drug related offenses. On January 8, 2003, the district court sentenced him to sixty-three months of imprisonment; the judgment of conviction was entered on January 10, 2003. Conn did not file a direct appeal.

Subsequently, Conn submitted several letters to the court, essentially acknowledging the one-year period for filing a § 2255 motion, and noting that he was awaiting documents from his attorney before filing such a motion. On March 22, 2004, Conn filed a motion for an extension of time to file his § 2255 motion to vacate his sentence. The district court denied the extension because the motion was filed more than a year after Conn's conviction became final. Conn filed an appeal from the district court's order, and a motion to amend the appeal arguing that his sentence is improper in light of *Blakely v. Washington*, 542 U.S. 296 (2004) (which has been extended to the

federal sentencing guidelines pursuant to *United States v. Booker*, 543 U.S. 220 (2005)). The appeal was dismissed for lack of jurisdiction.

On November 22, 2004, Conn filed a motion to obtain grand jury transcripts, and on April 11, 2005, Conn filed his motion to vacate his sentence. The government filed a response, arguing that the district court should deny the § 2255 motion as untimely and that it should deny the motion to obtain grand jury transcripts because Conn had not shown a particularized need for the transcripts to outweigh the need for secrecy. Upon review, the district court denied the motion for grand jury transcripts. The district court also concluded that the § 2255 motion was untimely, and it determined that Conn's claims lacked merit. Hence, it denied the § 2255 motion.

Upon consideration, Conn is not entitled to a certificate of appealabilty because the district court's decision is not debatable among jurists of reason. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The record clearly reflects that Conn did not file his § 2255 motion within the applicable one-year statute of limitations period provided under the Anti-Terrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2244(d)(1); *see also Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). Because he did not pursue a direct appeal, Conn's appeal became final on January 20, 2003, ten days after the entry of his judgment of conviction and sentence. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004). Hence, Conn had until January 21, 2004, to file his § 2255 motion. Conn did not file his motion until April 11, 2005, well beyond the one-year statute of limitations. Moreover, he has not made a substantial showing that he is entitled to equitable tolling. The record clearly reflects that Conn was aware of the one-year period for filing his motion, yet he did not file a motion for an extension until after the time period had expired. Moreover, Conn was clearly aware of the basis of his current claims at the time of his conviction and sentence.

Accordingly, the application for a certificate of appealability is denied.

ENTERED BY ORDER OF THE COURT

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By: *[signature]*
Deputy Clerk

*Leonard Green*
Clerk